UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

(MISCELLANEOUS CASE FILING)

IN RE:

**SUBPOENAS ISSUED TO NON-PARTIES:**

FAEGRE BAKER DANIELS, LLP
1050 K STREET NW, SUITE 400
WASHINGTON, DC  20001

and

LEAVITT PARTNERS, LLC
1050 K STREET NW, SUITE 320
WASHINGTON, DC  20001


**SUBPOENAS SERVED BY:**

RELATORS GERRY PHALP AND MATT PEOPLES
C/O CHARLES J. KOCHER, ESQ.
SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
1650 MARKET ST., 52ND FLOOR
PHILADELPHIA, PA  19103


**MOTION FILED BY:**

CHARLENE FRIZZERA
C/O FRANK TRAPP, ESQ. AND JOHN D. MULLEN, ESQ.
PHELPS DUNBAR LLP
100 S. ASHLEY DRIVE, SUITE 1900
TAMPA, FL  33602
_____/

**MOTION TO QUASH OR MODIFY SUBPOENAS
ISSUED TO NON-PARTIES RESIDENT IN THIS DISTRICT**

Pursuant to Rule 45(d)(3), Fed.R.Civ.P., Charlene Frizzera moves this Court to quash or modify two Rule 45 subpoenas directed to non-parties for compliance in this district court, and states as follows:

1. Charlene Frizzera is an expert witness for the Defendants in the case of *U.S. ex rel. Gerry Phalp & Matt Peoples v. Lincare Holdings Inc. and Lincare Inc. d/b/a Diabetic Experts of America*, Case No. 10-21094-CIV-Williams/Simonton, pending in the United States District Court for the Southern District of Florida.

2. In the referenced action, Relators' counsel served Rule 45 subpoenas on non-parties Faegre Baker Daniels LLP, and Leavitt Partners, LLC, both of which are resident in this district. **See Exhibits A and B**.

3. In each of the subpoenas, the Relators request production of the "employment file for Charlene Frizzera." **See Exhibits A and B**, at ¶ 1. This request is objectionable because it seeks, or may purportedly seek: (1) disclosure of privileged or other protected matter, or (2) disclosure of a trade secret or commercial information. Rule 45 instructs that this district court has jurisdiction to quash or modify the subpoenas on appropriate grounds, Rule 45(d)(3), or alternatively may transfer a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Rule 45(f).

4. **CERTIFICATION:** Before filing this Motion, counsel for the Defendants in the referenced action asked Relators' counsel, on February 6, 2015, to withdraw the two subpoenas. Defendants' counsel advised Relators' counsel that Ms. Frizzera has never been an employee of Faegre Baker Daniels LLP or Leavitt Partners, LLC, but instead each entity has been a client of Ms. Frizzera's. Relators' counsel has not withdrawn the subpoenas. The parties' counsel additionally conferred by telephone on February 24, 2015, and continue to confer about whether these motions may be resolved without need for court intervention.

5. Ms. Frizzera has provided unrelated services to Faegre Baker Daniels LLP and Leavitt Partners, LLC, pursuant to consulting agreements with each entity. The consulting agreements contain privileged, confidential, trade secret, and commercial information about the

terms under which Ms. Frizzera has provided services to each entity. The terms of these agreements have no relevance to the referenced action pending in the Southern District of Florida court. To the extent these agreements might be construed to constitute "employment file" materials, Ms. Frizzera is entitled to a determination that her agreements with Faegre Baker Daniels LLP and Leavitt Partners, LLC should not be produced pursuant to the Rule 45 subpoenas.

6. Rule 45(d)(3)(A) provides that "the court for the district where compliance is required must quash or modify a subpoena that … (iii) requires disclosure of privileged or other protected matter.…" Rule 45(d)(3)(B) provides that "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." These Rule 45 provisions appropriately protect Ms. Frizzera from the unwarranted disclosure of the terms of her consulting agreements with non-parties. Under similar circumstances, courts have prohibited discovery seeking the "employment file" from an expert's former employer on the grounds that such discovery is outside the scope of permissible expert discovery and not relevant to issues in litigation. *See Shukh v. Seagate Technology, LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013). The Federal Rules governing expert witness discovery "contemplate only limited discovery" with respect to experts, and limit discovery related to impeachment to "events giving rise to the litigation at hand and the opinions to be received in evidence during that litigation." *Shukh*, at 234. The court in *Shukh* specifically disallowed discovery of an expert witness's personnel file from the expert's former employer, concluding that "such broad discovery requests constituted a fishing expedition, not necessarily directed at obtaining relevant materials." *Shukh*, at 238.

7. Ms. Frizzera has a "personal right or privilege" to object to the third-party subpoenas at issue because of the personal, confidential, and commercial nature of the documents and information sought. *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted); *Bender v. Tropic Star Seafood, Inc.*, No. 4:07cv438-SPM/WCS, 2008 WL 2824450 at *2, n.1 (N.D. Fla. July 21, 2008) (citations omitted). The subpoenas constitute an unwarranted intrusion into Ms. Frizzera's personal, confidential, and commercial relationships with the non-parties, and are intended to annoy and impose additional expense on the Defendants and its expert witness to defend against the Relators' multiple, overlapping expert-related discovery efforts.

WHEREFORE, for the foregoing reasons, Charlene Frizzera respectfully requests that the Court quash or modify the subpoenas to clarify that the terms of her consulting agreements with Faegre Baker Daniels LLP and Leavitt Partners, LLC, are not subject to discovery pursuant to Rule 45, and grant such further or other relief as the Court deems necessary.

Respectfully Submitted,

**PHELPS DUNBAR LLP**

*/s/ Frank Trapp*
Frank Trapp, Esq.
Bar Member No. 316729
frank.trapp@phelps.com
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS 39211
Telephone: (601) 352-2300
Fax: (601) 360-9777

John D. Mullen, Esq.
FBN: 0032883
john.mullen@phelps.com
Phelps Dunbar LLP
100 S. Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (813) 472-7550

Fax: (813) 472-7570

Counsel for Charlene Frizzera,
Lincare Holdings Inc., and Lincare Inc. d/b/a
Diabetic Experts of America

**CERTIFICATE OF SERVICE**

I hereby certify that I will serve the foregoing upon the following:

Curtis Bradley Miner, Esq.
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134-2351
305-476-7400; Fax 305-476-7444
E-mail: curt@colson.com

Daniel Allen, Esq.
Jose M. Bautista, Esq.
Bautista & Allen
Post Office Box 412456
Kansas City, MO 64141
816-221-0382
E-mail: daniel@bautistaallen.com
E-mail: jose@bautistaallen.com

Simon Bahne Paris, Esq.
Patrick Howard, Esq.
Charles J. Kocher, Esq.
Saltz, Mongeluzzi, Barrett &
Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
215-575-3986; Fax 215-575-3894
E-mail: sparis@smbb.com
E-mail: phoward@smbb.com
E-mail: ckocher@smbb.com

Counsel for Relators Gerry Phalp and
Matt Peoples

Susan Torres, Esq.
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street, Suite 300
Miami, FL 33132
305-961-9337; Fax: 305-530-7139
E-mail: susan.torres@usdoj.gov

Counsel for United States of America

_____
Attorney